AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of Ohio

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| STEVEN GRIFFIN (3) | ) | Case Number: 1:15-cr-42 |
| | ) | USM Number: 72968-061 |
| | ) | Richard Smith-Monahan |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  Two (2) and Eight (8) of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| | See Sheet 1A | | |
| | | | |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  1, 3, 5, & 10 of the Indictment  ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/13/2016
Date of Imposition of Judgment

s/ Timothy S. Black
Signature of Judge

Timothy S. Black, United States District Judge
Name and Title of Judge

1/26/2016
Date

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 1A

Judgment—Page 2 of 7

DEFENDANT: STEVEN GRIFFIN (3)
CASE NUMBER: 1:15-cr-42

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) | Aiding and Abetting Possession of Heroin With Intent to Distribute | 3/31/2015 | Two (2) |
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | 3/31/2015 | Eight (8) |

AO 245B (Rev. 10/15) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 3 of 7

DEFENDANT: STEVEN GRIFFIN (3)
CASE NUMBER: 1:15-cr-42

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Eighty-seven (87) months each on Counts 2 and 8, to be served concurrently, for an aggregate term of eighty-seven (87) months, with credit for time served

☑ The court makes the following recommendations to the Bureau of Prisons:

- Placement in all apprenticeship programs, as eligible

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: STEVEN GRIFFIN (3)
CASE NUMBER: 1:15-cr-42

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Count 2: Four (4) years; Count 8: Three (3) years, to be served concurrently, for an aggregate term of 4 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: STEVEN GRIFFIN (3)
CASE NUMBER: 1:15-cr-42

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a workforce development program at the direction of his probation officer.

2. The defendant shall participate in a cognitive behavioral program as directed by the probation officer. Such programs may include group sessions led by a counselor of participation in a program administered by the probation office.

Case: 1:15-cr-00042-TSB Doc #: 93 Filed: 01/26/16 Page: 6 of 9  PAGEID #: 447
AO 245B (Rev. 10/15) Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: STEVEN GRIFFIN (3)
CASE NUMBER: 1:15-cr-42

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case: 1:15-cr-00042-TSB Doc #: 93 Filed: 01/26/16 Page: 7 of 9 PAGEID #: 448
AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT: STEVEN GRIFFIN (3)
CASE NUMBER: 1:15-cr-42

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____, or
    ☑ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    While incarcerated, if the defendant is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25 per quarter toward defendant's financial obligation. If working in a grade 1-4 UNICOR job, the defendant shall pay 50% of the defendant's monthly pay toward defendant's financial obligation. Any change in this schedule of payments shall be made only by order of this Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1:15-cr-42(3)
USA v. Steven Griffin
Forfeited Property

**Currency:**

- $1,057,030.00 in United States Currency seized from Christopher Whitfield at 1854 Andina Ave., Cincinnati, Ohio;
- $107,892.00 in United States Currency seized from Steve Griffin at 4024 Heyward Avenue, Cincinnati, Ohio;
- $34,359.00 in United States Currency seized from Tonia Whitfield at 2936 W. Tower Avenue, Cincinnati, Ohio;
- $3,221.00 in United States Currency seized from Christopher Whitfield's Safe Deposit Box; and
- $205.40 in United States Currency (loose change) seized from 4024 Heyward Avenue, Cincinnati, Ohio.

**Firearms:**

- loaded Anderson Manufacturing A-M 15 pistol, serial number 14136907, with a 100 round drum;
- a loaded .25 cal. Bauer Arms pistol, serial number 064087;
- an un-loaded .22 cal. FIE revolver, serial number 98454;
- a loaded Walther PK380, serial number AQ09K2501;
- a loaded Smith and Wesson M+P 75 serial number SV42648 and 2 magazines;
- a loaded .380 cal. Ruger LCP pistol, serial number 373-01901;
- One Revolver, Gold in color, Fratelli Tangoflio, Made in Italy.  "CAT885" FEI Miami FLA with two gold cylinders TC98454; and
- various calibers of loose and boxed ammunition; magazines, loaded and unloaded; and weapon accessories.

**Real Property:**

Real property known and numbered as 1132 Seton Ave., Cincinnati, Ohio 45203
with all appurtenances, improvements, and attachments thereon

Real property known and numbered as 1835 Hewitt Ave., Cincinnati, Ohio with
all appurtenances, improvements, and attachments thereon

Real property known and numbered as 3616 Darwin Ave., Cincinnati, Ohio with
all appurtenances, improvements, and attachments thereon

**Vehicles:**

- a Grey 2011 Infiniti, QX56, Utility; VIN: JN8AZ2N3689005202;
- a Black 2010 BMW, 5 series, VIN: WBASN4C51AC208099;
- a Gold 2012 Jeep Cherokee, VIN:1C4RJFCT2CC184406;
- a Black 2013 Ford F-150, VIN:1FTFW1ET4DFA13788, and
- a Maroon 2014 Harley Davidson Motorcycle, VIN: HD1KRM19EB661882.

**Jewelry:**

- Assorted Jewelry seized from Tonia Whitfield at 2936 West Tower Avenue, Cincinnati Ohio:
    a. One Black with gray bag containing: 1-One Necklace, sterling silver 16" with horseshoe clasp containing clear stones; 2-Matching bracelet sterling silver, with horseshoe clasp containing clear stones. 3-Two Certifications of Authenticity dated 9/10/13;
    b. One Brown Gucci large box with smaller box containing:  #2-1-One Watch, Gucci, 101M Chromo, silver band, black face with 2 inner circles, clear stones on edge of face #11883189;  #2-2-One Bracelet, silver with clear stones on 6 links with "G" on clasp, stainless steel; and
    c. One Watch, Gucci, with silver band, white face w/date #11954223.

- Assorted Jewelry seized from Christopher Whitfield at 2936 West Tower Avenue, Cincinnati Ohio:
    a. One Necklace, gold colored chain with square gold colored medallion with clear stones around edge and on front of loop;
    b. One Necklace, gold colored beads with 11 clear stones in silver settings;
    c. One Bracelet, silver with gold color settings containing large clear stones, with 4 large clear stone between links;
    d. One Ring, gold in color with silver rectangle top containing 5 large clear stones. One card "Evaluation Report";
    e. One Ring, gold in color with silver on side, round top containing 7 clear stones and outer rim containing clear stones;
    f. One Ring, gold in color with silver on side, round top containing 7 large clear stones and outer rim containing clear stones;
    g. One Watch, Rolex, mans, black face with clear stones around rim, silver with gold in the middle band; and
    h. One Earring, gold in color with large clear stone.

**Miscellaneous Items:**

- two ballistic vests (body armor);
- One Knife, 18 inches long, black in color with green sheath;
- One Unopened Box containing One HP All-In-One, Omni 27-1057cPCSN on box 3CR2210LKT;
- One Fur Vest, Dolce Cabo, mink, brown fur in color on front, material in back with attached belt;
- One Fur Vest, Buffalo David Bitton, Size L with tag $128, Lot#2704543, black and grey in color with leather straps woven in;
- One Leather Vest, Ralph Lauren, Polo, Size XL, with tag $1,478, brown leather outside, tan material inside;
- One Fur Coat, "Mink", full length, black in color;
- One Fur Coat, Wendel's, dark brown with black waves in color;
- One Fur Coat, Kotsovos, Size 18, light brown in color;
- One Box containing 13 Designer Handbags;
    a. One Coach Handbag Red with circle design with symbol in cloth bag;
    b. One Coach Handbag tan with white circles in bag;
    c. One Coach Handbag peach with white circles and matching wallet in bag;
    d. One Louis Vuitton Handbag brown design with gold plate "Louis Vuitton" in bag;
    e. One Louis Vuitton Large Handbag brown design with gold zippers on front in bag;
    f. One Louis Vuitton Backpack with brown design in bag;
    g. One Louis Vuitton small jewelry bag with gold lock;
    h. One Michael Kors Handbag, orange leather with "MK" medallion in bag;
    i. One Michael Kors Handbag, gray with copper plate in bag;
    j. One Michael Kors Handbag, red sequined with gold chains shoulder strap with "MK" medallion in bag;
    k. One Michael Kors Handbag, brown/tan leather with "MK" medallion and matching wallet in a box, inside a Michael Kors box;
    l. One Brahmin Handbag with red leather and Brahmin medallion;
    m. One Kenneth Cole Handbag Blue Leather rope design.
- One Money Counter, Royal Sovereign, with cord, Model RBC-1003BK, s/n K1408LA39883;
- One box containing new Money Counter, Royal Sovereign, with cord and manual, Model RBC-1003BK, NO. K1404LA36758;
- One box, unopened, containing Beats Tour Ear Bud (headphones), Model 810-00009SN 5JEFB273C5Q7; and
- One box, unopened, containing Beats Headphones, Solo 2, Model B0518SN AA141E5507ZZ